Milo C. Richardson, Respondent, v. Hollis G. Merrifield, and Charles Marshall and Hollis G. Merrifield, Copartners Doing Business under the Firm Name and Style of " Marshall and Merrifield Company," Appellants.— This is an appeal by the defendants from a judgment in favor of plaintiff and from orders denying motions for the dismissal of the complaint and to set aside the verdict and for a new trial. The action is in negligence. On the evening of February 19, 1936, between six and seven o'clock, plaintiff alighted from an automobile which came to a stop on the State highway in the hamlet of Wilmington, Essex county, N. Y., at a point on the highway opposite his home. It was the plaintiff's intention to cross the highway to the driveway on the other side leading to his house. He had been riding with an automobile salesman, who had been demonstrating the automobile to plaintiff, a prospective purchaser. The highway in question ran approximately east and west. Plaintiff's house was on the northerly side of the highway. The car from which the plaintiff alighted was proceeding in an easterly direction, stopped on the southerly side near the west end of a new bridge over the Ausable river, in the hamlet of Wilmington, at a point fifty-four feet from the west end of the bridge, and twenty-two feet easterly of the driveway leading to plaintiff's house. The highway was straight and level and was twenty-four feet wide. Much snow had fallen during the winter and there was snow on the ground. The highway had been plowed out. It was plowed out the entire width of twenty-four feet. On the southerly side the plow left a high bank of snow on the shoulder; the foot of the slope extended one or two feet into the high-way. On the north side it was entirely clear. The automobile from which plain-tiff alighted was stopped so near this snow bank on the southerly side that the door was not opened readily. It was a snowy night and the wind was blowing and snow was flying in the air with the wind. There was a village electric street light burning about sixty-three feet from where the plaintiff alighted. Plaintiff squeezed out of the southerly door along the running board, climbed over the rear fender and in so doing slipped and fell. He arose and continued on his way diagonally across the highway toward his driveway. He took two or three steps on his way, facing first towards the Lake Placid side of the highway, from which direction he had come. As he was doing this the car from which he alighted started on its way east towards the Wilmington side of the bridge. He proceeded in those two or three steps a distance of seven or eight feet diagonally across the highway. He first looked towards his left, towards Lake Placid, from which direction cars might be coming on his side of the highway. When still four or five feet from the center of the highway, and before he attempted to cross the northerly half, he looked towards the east and the bridge. He saw the lights of defendant's car, which was operated by him, and on his side of the road. He was struck by the automobile and seriously injured. The appellant bases his appeal upon the ground

that under the evidence in the case plaintiff was guilty of contributory negligence as a matter of law and that it was error for the court not to have dismissed the complaint. There was a question of fact presented which was for the jury and the evidence was sufficient to support the finding of the jury. Judgment and orders unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.